**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01109-CMA-BNB

TIFFANY GARGANO,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, d/b/a AUTO OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO
AMEND PLEADINGS TO ADD STATUTE OF LIMITATIONS DEFENSE**

---

This matter is before the Court on Defendant Owners Insurance Company's Motion for Leave to Amend Pleadings to Add Statute of Limitations Defense. (Doc. # 89.) For the following reasons the motion is granted.

## I.    BACKGROUND

This diversity action concerns allegations that when Plaintiff attempted to make a claim against her insurance for Uninsured Motorist ("UM") benefits, Defendant acted in bad faith and unreasonably delayed payment.[1]  Plaintiff was involved in the accident with an uninsured motorist on May 31, 2009. On July 30, 2009, Plaintiff's counsel informed Defendant that she was represented. (Doc. # 19-1, at 29.) On December 16,

---

[1] Plaintiff conceded at the Final Trial Preparation Conference that because Defendant promptly paid her following the state court's determination of damages, she is no longer pursuing her breach of contract claim. Accordingly, that claim is dismissed.

2009, Plaintiff filed a separate proceeding in state court to determine the damages Plaintiff incurred in the accident. (*Id.*, at 43.) She informed Defendant of the state action in correspondence received by Defendant on October 22, 2010. (*Id.*, at 29.) The uninsured motorist failed to respond to the lawsuit and Defendant intervened to represent its interests on December 2, 2010. (*Id.*, at 51-54.) The state court entered default judgment due to the uninsured motorist's failure to appear, then held a hearing to determine Plaintiff's damages from May 21-25, 2012. (Doc. # 26-3, at 2-7.) Meanwhile, on April 26, 2012, Plaintiff filed the instant action. (Doc. # 1.)

Trial was originally set to begin on November 18, 2013, with the Final Pretrial Conference scheduled for November 1, 2013. During the Final Pretrial Conference, the Court ruled on several motions in limine, including one to exclude litigation conduct concerning the state proceedings. The Court granted this motion, finding that the parties adhered to the procedures set forth in *State Farm Mut. Auto Ins. Co. v. Brekke*, 105 P.3d 177, 190 (Colo. 2004). The Court further informed the parties that the instant action is not the appropriate forum to revisit the state proceedings. Moreover, the Court determined that Defendant's conduct in those proceedings is not an example of the type of "extraordinary facts that would justify allowing a jury to consider an attorney's litigation conduct as a part of a bad faith claim." *See Parsons ex rel. Parsons v. Allstate Ins. Co.*, 165 P.3d 809, 819 (Colo. App. 2006) (internal citations omitted). Accordingly, the Court determined that the only evidence it would admit at trial would concern conduct prior to Defendant's intervention in the state court proceedings on December 2, 2010.

However, buried in its reply brief on the motion to excluded litigation conduct, Defendant raised, for the first time, a statute of limitation defense. (Doc. # 79, at 7.) On October 29, 2013, the Court ordered simultaneous briefing from the parties on "whether Plaintiff's claims that Defendant acted in bad faith and violated C.R.S. §§ 10-3-1115 and -1116 by failing to investigate a potential UM claim in August 2009 is barred by the statute of limitation and/or whether Defendant has waived reliance on this defense." (Doc. # 87.) Plaintiff filed a brief consistent with the Court's order. (Doc. # 90.) On October 31, 2013, the day before the Final Pretrial Conference, Defendant moved to amend its answer to assert a statute of limitations defense. (Doc. # 89.) Recognizing the great consequence of that motion, particularly in light of the Court's ruling limiting evidence to conduct prior to Defendant's intervention the state proceedings, this Court vacated the trial, ordered the parties to call in to reset the trial date, and granted Plaintiff twenty one days to respond to Defendant's motion. (Doc. # 92.) Plaintiff so responded. (Doc. # 101.) Therefore, the Court has received briefing on both the motion to amend and the substance of the statute of limitations issue and those issues are ripe for the Court's review.

## II. LAW AND ANALYSIS

### A. MOTION TO AMEND

"Where a party seeks to amend its pleadings after the deadline for such amendments set forth in the scheduling order, the Tenth Circuit has not definitively stated whether the 'good cause' standard of Federal Rule of Civil Procedure 16(b) to modify the scheduling order must be met." *Avon v. Kent Denver Sch.*, No. 12-cv-2546-

3

WJM-CBS, 2014 WL 85287, *2 (D. Colo. Jan. 9, 2014) (citing *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)).  However, the majority of courts have held that the party must meet the two-part test of first showing good cause to amend the scheduling order under Rule 16(b), and that an amendment should be allowed under Rule 15(a).  *Id.* (citing *Bylin*, 568 F.3d at 1231) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated. . . . This circuit, however, has not ruled on that question in the context of an amendment to an existing pleading.")).

Because Defendant filed its motion after the deadline for amending pleadings, the Court employs the two-step analysis.  First, the Court must determine whether Defendant has shown good cause to modify the Scheduling Order under Fed. R. Civ. P. 16(b).  Then, the Court must evaluate whether Defendants have satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a).  District courts are "afforded wide discretion" to apply the "good cause" standard.  *Bylin*, 568 F.3d at 1231 (discussing Rule 16).

Under Rule 16(b)(4), the scheduling order "may be modified only for good cause and with the judge's consent," requiring the moving party to show that a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's note.  Another court has explained,

> Rule 16(b)'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a

party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Carriker v. City & Cnty. of Denver, Colo.*, No. 12-CV-02365-WJM-KLM, 2013 WL 2147542 (D. Colo. May 16, 2013).

In the instant case, Defendant states that the "allegations of Plaintiff's pleadings related solely to conduct that occurred after October 2010 and during the pendency of the underlying action . . . ." Therefore, Defendant contends that it was not on notice that pre-October 2010 conduct was potentially a part of Plaintiff's allegations and therefore did not know of the need for the statute of limitations defense.[2] The Court reviewed Plaintiff's Amended Complaint and finds in ambiguous. Although there are some broad statements that could be construed as including conduct prior to the pendency of her state proceedings, all of the allegations that specify a date relate to conduct **after** Plaintiff filed her state court claims in December of 2009. Consequently, it was reasonable for Defendant to believe that the conduct forming the basis of Plaintiff's allegations took place in 2010-2011 and that a statute of limitations defense was not necessary.

Furthermore, the Court finds that its strong interest in controlling its docket by holding litigants to certain schedules must take a back seat to the important purpose served by the statutes of limitations. *See E.E.O.C. v. Mico Oil Co., Inc.*, CIV.A. 87-2471-O, 1988 WL 139481 (D. Kan. Dec. 27, 1988) (citing *United States v. Kubrick,*

---

[2] Defendant asserts that the statute of limitations period on both remaining claims is two years and therefore, any conduct prior to April 26, 2010 is barred.

5

444 U.S. 111, 117 (1979) ("Statutes of limitations, which 'are found and approved in all systems of enlightened jurisprudence,' . . . represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.' ")). Thus, "because statutes of limitations are not mere technicalities, but are instead cornerstones of a well-ordered judicial system, they must take priority over the court's schedules." *Id*.  The Court finds that Defendant has met its requirement under Fed. R. Civ. P. 16 by showing reasonable diligence and good faith.

For similar reasons, the Court also finds that Defendant has established good faith under the less-stringent Fed. R. Civ. P. 15, which instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).  Plaintiff argues that Defendant's request to amend is "untimely" and that she would be prejudiced by a late amendment.  In *Bylin*, the Tenth Circuit concluded that the defendant's late amendment did not unduly prejudice the plaintiffs where the defendants moved to amend their answer the day before the final trial preparation conference, the court gave the plaintiffs a couple of days to respond, and the court agreed not to rule on the motion until eight days later. 568 F.3d at 1229.  Consistent with *Bylin*, in the instant case, Plaintiff has been given ample time to respond to Defendant's motion, as well as provide briefing on the substance of whether the statute

of limitations should apply.[3]  Furthermore, although Plaintiff and her attorneys have spent significant time and resources preparing for this case, "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Id.* at 1230 (citations omitted).  Therefore, Plaintiff has not demonstrated that she would be unduly prejudiced by a late amendment.  Accordingly, Defendant has met its burden under Rules 15 and 16 and may amend its answer to include the statute of limitations defense.

**B.     STATUTE OF LIMITATIONS**

Defendant asserts that Plaintiff's two remaining claims—that it acted in bad faith and in violation of Colo. Rev. Stat. §§ 10-3-1115 and -1116—are barred by the statute of limitations because Plaintiff's claims accrued no later than 2009, when Plaintiff alleges that Defendant had sufficient notice of the UM claim.  (Doc. # 89, at 4.)

Defendant asserts that both claims must have commenced within two years after the cause of action accrues.  (Doc. # 89, at 4 (citing Colo. Rev. Stat. § 13–80–102(1)(a) (discussing negligence claims)).  Plaintiff agrees that her "bad faith claim is unquestionably subject to a two year statute of limitations" and "assumes" that her Sections 10-3-1115 and -1116 claims are also subject to the same limitations period. (Doc. # 101, at 2 (citing *Cork v. Sentry Ins.*, 194, P.3d 422, 425 (Colo. App. 2008)).[4]

---

[3] Moreover, Plaintiff's complaint that she was unable to conduct discovery as to the statute of limitations issue is curious—whether she knew or reasonably should have known of Defendant's unlawful conduct such that the limitations period was triggered is particularly within the province of her own mind and experiences.  Accordingly, the Court is unclear as to how discovery would aid Plaintiff.

[4] Under Colorado law, "a person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed . . . ." Colo. Rev. Stat. § 10-3-1115.  Section 10-3-1116 allows a first-party claimant asserting her benefits were unreasonably delayed to bring a companion claim to recover reasonable attorney fees, court costs, and two times the

The Court agrees that the two year statute of limitations period applies to both claims. Colo. Rev. Stat. § 13–80–102(1)(a)-(b) (applying the two year period to all tort actions "regardless of the theory upon which the suit is brought").

A negligence action accrues "when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13–80–108(8). The point of accrual requires knowledge of the facts essential to the cause of action, not knowledge of the legal theory supporting the cause of action. *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 492 (Colo. App. 2008) (citation omitted). "Actual knowledge" is knowledge "of such information as would lead a reasonable person to inquire further." *Black's Law Dictionary* 888 (8th ed. 2004). Plaintiff is required to exercise reasonable diligence in discovering the relevant circumstances of her claims. Colo. Rev. Stat. § 13–80–108(8). Plaintiff is judged by an objective standard that does not reward denial or self-induced ignorance. *Sulca v. Allstate Ins. Co.,* 77 P.3d 897, 900 (Colo. App. 2003).

Defendant argues that the "undisputed facts establish that Plaintiff's claims for common law bad faith and violation of [Colo. Rev. Stat.] §§ 10-3-1115 and -1116 accrued prior to April 26, 2010," which is two years prior to the date Plaintiff filed this action. (Doc. # 89, at 4.) The Court agrees, but believes that the facts demonstrate Plaintiff knew or should have known of her claim prior to that date. The undisputed facts demonstrate that Plaintiff's accident occurred on May 31, 2009, and her father

---

covered benefit. Colo. Rev. Stat. § 10-3-1116(1).

8

submitted a claim for benefits on June 1, 2009. (Doc. # 19-1, at 25-27.) On July 30, 2009, Plaintiff's counsel sent a letter to Defendant confirming that she was represented and advising that all future correspondence should be addressed to counsel (*id.*, at 28-29), and on December 16, 2009, Plaintiff filed suit against the uninsured motorist in state court (*id.*, at 43).

Plaintiff makes no argument that she reasonably could not have known of the conduct giving rise to her claims by the time she retained counsel.[5] (Doc. # 101, at 4.) Instead, she skirts the issue, claiming that Defendant failed to "point to any event or time period as the time when [she] knew or should have known of its unreasonable conduct." To the contrary, Defendant correctly points out that Plaintiff has previously argued that Defendant "had sufficient notice of the UM claim" when she made her initial claim for benefits on June 1, 2009. (Doc. # 89, at 4.) Indeed, Plaintiff previously averred to this Court that "Beginning in August 2009, [Plaintiff] through counsel . . . requested coverage benefits from the defendant . . . ." and supported that averment with an affidavit of Plaintiff's counsel, submitted in support of her response to Defendant's motion for summary judgment. (Doc. # 20, at 3.) Plaintiff's counsel further averred that he filed suit in state court having received "no decision from [Defendant] about any decision on [her] claim." (Doc. # 20-1, at 1.)[6] The Court agrees that Plaintiff cannot

---

[5] Plaintiff likewise does not argue that the limitations period was equitably tolled.

[6] This Court has previously expressed concern over the apparent lack of communication from Plaintiff's counsel to Defendant after Plaintiff's counsel sent the July 30, 2009 letter advising defendant of their representation of Plaintiff and October 14, 2010 when Plaintiff's counsel notified Defendant of the existence of the state court proceedings, which Plaintiff filed almost a year before on December 16, 2009.

9

have it both ways—she cannot say that she properly placed Defendant on notice of her claim back on June 1, 2009 (and therefore was aware of her own claim for benefits) and pursued those benefits, but that she did not know of her claim for bad faith and unreasonable delay until far later. See Murry, 194 P.3d at 492. Instead, under the particular facts of this case, and taking those facts in the light most favorable to Plaintiff, she reasonably should have known of the facts giving rise to her claim for bad faith by July 30, 2009, at which time she had consulted with and retained counsel. See Sanford v. Allstate Indem. Co., No. 05-CV-00728-EWN, 2006 WL 3262840 (D. Colo. Nov. 9, 2006) (plaintiff should have known of the conduct giving rise to her claim when she retained counsel).[7]

The original complaint in this case was not filed until April 26, 2012, almost 9 months after the bar date of July 31, 2011. See Colo. Rev. Stat. § 13–80–108 As such, Plaintiff's claims in this case must be dismissed because they are barred by the statute of limitations.

---

[7] Plaintiff argues based on the language of Sections 10-3-1115 and -1116 that her "knowledge, actual or constructive, is not determinative as to whether the 1115/1116 claim is barred." However, this argument is misplaced. The requirement that a person file suit within two years of the date she knows or should have known of the conduct giving rise to the cause of action comes from the statute of limitations statute, not individual statutes creating a cause of action and to which the statute of limitations applies. See Colo. Rev. Stat. § 13–80–108(8) (A negligence action accrues "when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence.") There is no indication that the General Assembly intended for no statute of limitation to apply to Sections 10-3-1115 and -1116 and indeed, Plaintiff conceded that limitations period applies to her statutory claims. See (Doc. # 101, at 2.) Colo. Rev. Stat. § 13-80-102 applies to all tort actions "regardless of the theory upon which the suit is brought." Accordingly, the Court rejects the proposition that it should not adhere to the plain language of Colo. Rev. Stat. § 13–80–102 to determine whether Plaintiff's claims are barred.

### III.     CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Defendant's Motion for Leave to Amend Pleadings to Add Statute of Limitations Defense (Doc. # 89) is GRANTED.  The Court directs that Attachment 1 to Doc. # 89 be docketed by the Clerk's Office as an independent pleading.

2. Based on counsel's confession, Plaintiff's claim for breach of contract is DISMISSED WITH PREJUDICE.

3. Plaintiff's remaining claims for bad faith and violations of Colo. Rev. Stat. §§ 10-3-1115 and -1116 are DISMISSED WITH PREJUDICE.

4. Any outstanding motions are DISMISSED AS MOOT and the Final Trial Preparation Conference set for April 8, 2014 and the five-day Jury Trial set for April 14, 2014 are VACATED.

5. Pursuant to D.C.Colo.LCivR 54.1, Defendant may have its costs by filing a bill of costs within 14 days of the date of this Order.

DATED:  March   18  , 2014

>                    BY THE COURT:
>
>                    _Christine M Arguello_
>                    _____
>                    CHRISTINE M. ARGUELLO
>                    United States District Judge