**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01109-CMA-BNB

TIFFANY GARGANO,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, d/b/a AUTO OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. # 111.) For the following reasons, the motion is denied.

## I.    BACKGROUND

On May 31, 2009, Plaintiff was involved in a car accident with an uninsured driver. (Doc. # 19-1 at 29.) On June 1, 2009, Plaintiff's father submitted a claim for benefits under Plaintiff's policy with Defendant. (*Id.* at 3.) On July 30, 2009, Plaintiff's attorneys informed Defendant that Plaintiff was represented by counsel. (*Id.* at 28.) Plaintiff filed suit against the at-fault driver in state court on December 16, 2009. (*Id.* at 43.) On October 22, 2010, Defendant received correspondence in which Plaintiff articulated an uninsured motorist claim and informed Defendant of the pending litigation in state court. (*Id.* at 29.) On December 3, 2010, the uninsured motorist failed to respond to the lawsuit, and Defendant intervened to represent its interests. (*Id.* at 51-

54.) The state court entered default judgment due to the uninsured motorist's failure to appear, then from May 21-25, 2012, held a hearing to determine Plaintiff's damages. (Doc. # 26-3 at 2-7.) Meanwhile, on April 26, 2012, Plaintiff filed the instant action. (Doc. # 1.) Plaintiff makes two claims against Defendant: common law bad faith and statutory unreasonable delay under Colo. Rev. Stat. §§ 10-3-1115 and -1116.[1]

In the instant motion, filed on April 15, 2014, Plaintiff requests that the Court reconsider its March 18, 2014 Order granting Defendant's Motion for Leave to Amend Pleading to Add Statute of Limitations Defense. (Doc. # 108.) Defendant responded (Doc. # 115), and Plaintiff replied (Doc. # 116). Plaintiff also moves this Court to reconsider an October 2013 evidentiary ruling and to certify questions to the Colorado Supreme Court.

## II. STATUTE OF LIMITATIONS DETERMINATION

The Court reviews Plaintiff's motion to reconsider this Court's determination that her claims are barred by the statute of limitations as a motion to alter or amend the judgment pursuant to Rule 59(e).[2] Under Rule 59(e), "[g]rounds warranting a motion to

---

[1] Plaintiff initially raised a breach of contract claim, but she voluntarily dismissed that claim once Defendant had paid the state lawsuit damages. (Doc. # 91 at 22-23.)

[2] Plaintiff filed a "Motion for Reconsideration," but the Federal Rules of Civil Procedure do not recognize such a motion. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). Instead, a litigant seeking reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.* "If a motion is timely under both rules, how we construe it depends upon the reasons expressed by the movant." *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Plaintiff explicitly references Rule 59(e), refers to "clear errors of law," and filed this motion within twenty eight days of the Court's March 18, 2014 Order. (Doc. # 111 at 2.) Therefore, the

reconsider include (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). However, reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff argues that "the Order contains clear errors of law that produced a manifestly unjust result . . . ." (Doc. # 111 at 3.) Specifically, Plaintiff asserts that the Court erred because: (1) the cause of action does not accrue until Plaintiff has knowledge of **each element** of the claim; (2) there are additional elements for bad faith/unreasonable delay of which Plaintiff could not know in 2009;[3] and (3) her retention of counsel did not indicate Plaintiff knew of the facts of her case. (*Id.* at 6.) In addition to these three issues, Plaintiff contends that the Order erred by not separately addressing Defendant's October 2010 conduct. (*Id.* at 12.) The Court will address each of Plaintiff's arguments in turn.

---

Court reviews the portion of Plaintiff's motion that attacks the Court's determination that her claims are untimely under Rule 59(e).

[3] Buried in a footnote, Plaintiff also argues that she requires additional discovery to determine whether her claims were equitably tolled based on Defendant's conduct. (Doc. # 111 at 11-12 n.8.) "The statute of limitations may be equitably tolled where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner. . . ." *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007) (citation omitted). Plaintiff's claim accrued based on what **Plaintiff** knew or should have known. Plaintiff fails to demonstrate how further discovery on Defendant's disclosures is "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1); *see also Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004). Thus, the Court rejects Plaintiff's request for additional discovery.

3

**A.     ACCRUAL OF PLAINTIFF'S CLAIMS**

This Court previously determined that Plaintiff's claims accrued on July 30, 2009, when she informed Defendant that she had retained counsel. (Doc. # 108 at 10.) Plaintiff challenges the Court's determination of the accrual date, but not the applicable statute of limitations period.[4] (Doc. # 111 at 3.)

To begin, Plaintiff asserts that the Court erred because "the Order does not separately analyze the requirements of each of [Plaintiff]'s claims nor is there any determination as to whether the 'undisputed facts' satisfy all of the requirements of each of her claims." (*Id.*)  As this Court previously determined, the appropriate test is: "The point of accrual requires knowledge of the facts essential to the cause of action, not knowledge of the legal theory supporting the cause of action." *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 492 (Colo. App. 2008) (citation omitted).  In determining the essential facts, "the focus is on a plaintiff's knowledge of facts which would put a reasonable person on notice of the general nature of damage and that the damage was caused by the [defendant's] wrongful conduct . . . ." *Morris v. Geer*, 720 P.2d 994, 997 (Colo. App. 1986); *see also Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008) ("A bad faith cause of action accrues when both the nature of the injury and its causes are known or should be known through the exercise of reasonable diligence.") (citations omitted).

---

[4] The parties and this Court agree that Plaintiff's claims are subject to a two year statute of limitations. *See* (Doc. ## 89 at 4, 101 at 2, 108 at 7-8).

4

Plaintiff relies on two Colorado Court of Appeals cases, *Crosby v. Am. Family Mut. Ins. Co.*, 251 P.3d 1279 (Colo. App. 2010), and *Morris v. Geer*, 720 P.2d 994 (Colo. App. 1986), to argue that the Court must analyze accrual based on each element of Plaintiff's claims.  However, both of these cases adopt and apply the same standard set forth in *Murry*.  *See Crosby*, 251 P.3d at 1285 (plaintiffs' retention of counsel triggered accrual of their claims); *Morris*, 720 P.2d at 997 (claims arising from two entirely separate negligent actions accrued at different times).  Neither case examined whether the absence of knowledge of an individual element within a claim would indicate that a cause of action did not accrue, as Plaintiff asserts in this case.[5]

Substantively, Plaintiff argues that her claims could not accrue until she "knew or should have known that [Defendant] was acting objectively unreasonable [sic] and with knowledge of or reckless disregard for the fact that no reasonable basis existed for delaying the claim."  (Doc. # 111 at 4-5.)  Plaintiff argues that "[Defendant] has presented no evidence . . . that [Plaintiff] knew, or should have known using reasonable diligence, that [Defendant] had no reasonable basis" for delaying her claim.  (*Id.* at 6.)  According to Plaintiff, these additional facts were impossible for Plaintiff to know in 2009, making it impossible for those claims to accrue in 2009.  (*Id.* at 10-11.)  Plaintiff

---

[5] Plaintiff parenthetically references a citation within *Crosby* to *Miller v. Armstrong*, 817 P.2d 111, 113 (Colo. 1991), as supporting her position.  (Doc. # 111 at 3.)  However, the *Crosby* and *Miller* courts did not separately analyze each element to determine when the claim accrued.  Instead, the assertion that a court must do so appears to be dicta.  *See Tate v. Showboat Marina Casino P'ship*, 431 F.3d 580, 582 (7th Cir.2005) ("[T]he holding of a case includes ... the reasoning essential to that outcome.").

5

could have, but chose not to advance this argument in her prior briefing. As such, the Court need not revisit this issue.[6] *See Servants of Paraclete*, 204 F.3d at 1012.

Plaintiff further asserts that this court erred by placing undue emphasis on her retention of counsel as an indication of when she knew or should have known the essential facts of her claim. She claims that the court failed to explain "how the mere engagement of counsel produced information . . . sufficient to satisfy the elements of her . . . claims." (Doc. # 111at 6.) This argument misinterprets the Court's ruling. The Court did not reason that by hiring counsel, Plaintiff knew the essential facts that gave rise to her claim. Rather, the Court determined that Plaintiff made a claim for coverage benefits on June 1, 2009, Plaintiff's counsel informed Defendant that she was represented on July 30, 2009, and counsel averred to the Court that they made demands to Defendant for payment on July 30, 2009. Based on these facts, Plaintiff reasonably knew of the basis for her claims against Defendant in 2009. *See Murry*, 194

---

[6] Even if the Court were to address Plaintiff's argument, it fails on the merits. The additional elements to which Plaintiff points do not change the "essential facts" necessary for the claim to accrue. Although Plaintiff's common law and statutory claims represent two separate legal theories by which she might seek relief for the injury caused by Defendant's conduct, each of her claims stem from the same injury and cause: Plaintiff had not received benefits (the injury) because Defendant wrongly refused to pay (the cause). *See Daugherty v. Allstate Ins. Co.*, 55 P.3d 224, 228 (Colo. App. 2002) *superseded in part by statute*, Colo. Rev. Stat. § 13-80-108, *as recognized in Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 148 n.10 (Colo. 2007). Defendant's delay was wrongful if it was unreasonable. *See* Colo. Rev. Stat. §10-3-1104(h) (unfair claim settlement practices under common law include "[f]ailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies . . . ."); Colo. Rev. Stat. §10-3-1115(1) (statutory claim arises if the insurer lacks a reasonable basis for the delay). Plaintiff should have known that the delay was unreasonable when she did not receive any communication for payment from Defendant after she filed her claim in 2009. At the very least, she should have inquired into the reasons for Defendant's nonresponsiveness, rather than accepting the silence and initiating her own lawsuit against the at-fault driver instead of communicating with Defendant. *See Murry*, 194 P.3d at 492 (adopting the definition of "[a]ctual knowledge" as knowledge "of such information as would lead a reasonable person to inquire further.") (quoting Black's Law Dictionary 888 (8th ed. 2004).

P.3d at 492 (plaintiff's claim accrued when she retained counsel because "[a]n attorney is presumed to know the law, and an attorney's knowledge is imputed to the client if it relates to the proceedings for which the attorney has been employed, as here, the recovery of insurance benefits.")

Next, Plaintiff argues that the Court "improperly shifted the burden of proof to [her] to disprove [Defendant's] affirmative defense." (Doc. # 111 at 7). Although Plaintiff is correct that it is Defendant's burden to prove its statute of limitations defense, *see Crosby*, 251 P.3d at 1283, she misconstrues the Court's ruling. The Court concluded that Defendant met its burden. (Doc. # 108 at 10.) The passage quoted by Plaintiff merely reasoned that Plaintiff did not raise any issues calling into question whether Defendant had met its burden.

## B.  PLAINTIFF'S ADDITIONAL CLAIMS FOR DEFENDANT'S 2010 CONDUCT

Plaintiff argues that this Court "failed to consider whether any other later event could have given rise to common law bad faith or statutory unreasonable delay claims." (Doc. # 111 at 12.) The substance of Plaintiff's argument is as follows:

> For example, [Defendant] admits that it knew of the UM claim in October, 2010; thus, whatever reasons, reasonable or not, that [Defendant] had to not proceed to adjust her UM claim in good faith ceased to exist as of October, 2010. But [Defendant] did not proceed to adjust her claim in good faith. At that point, new claims for common law bad faith and unreasonable conduct arose.

(*Id.*) As a threshold matter, Plaintiff seems to conflate two issues: (1) when Defendant was placed on notice of her UM claim, and (2) whether she has sufficiently alleged claims that are timely. This problem is compounded by the fact that Plaintiff has failed

7

to cite any legal authority for this perfunctory argument. *See Snyder v. Am. Kennel Club*, 402 F. App'x 397, 403 (10th Cir. 2010) ("[T]he Snyders cite no legal authority to support this argument. This alone is grounds for disregarding it.") (citations omitted); *see also* D.C.COLO.LCivR 7.1(d) ("a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority incorporated into the motion.") Moreover, Plaintiff failed to raise this argument in her response to Defendant's motion regarding its statute of limitations defense. *See Servants of Paraclete*, 204 F.3d at 1012 (reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

Even if this Court were to attempt to reconstruct Plaintiff's argument from her previous filings, her argument fails. Plaintiff is correct that common law and statutory bad faith give rise to separate causes of action. *Kisselman*, 292 P.3d at 972 (a violation of section 10-3-1115 is "in addition to and different from common law bad faith claims"). Moreover, Colorado courts have recognized that "each bad faith act constitutes a separate and distinct tortious act, on which the statute of limitation begins to run anew when the plaintiff becomes aware of the injury." *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012) *as modified on denial of reh'g* (Mar. 15, 2012) (discussing underinsured motorist claims).

Plaintiff fails to point this Court to any specific conduct which would give rise to a separate and distinct claim. First, as demonstrated above, Plaintiff has failed to allege specific, non-conclusory allegations of 2010 conduct in its filings on the issue of the statute of limitations. Second, Plaintiff never articulated separate claims of relief for

Defendant's 2010 conduct. In her amended complaint, Plaintiff asserts a total of two bad faith claims—one based on common law, and the other based on section 1115.[7] (Doc. # 5 at 7-9.) Third, even in the Final Pretrial Order, Plaintiff fails to include specific allegations in her claims, stating only:

> [Defendant] acted in bad faith in the handling of her UM claim and unreasonably delayed payment of those benefits by failing to investigate and evaluate her claim due to it: (i) not recognizing a claim being made by [Plaintiff] when it had adequate notice of the claim, (ii) requiring [Plaintiff] to obtain a judgment against or settlement with the at-fault driver as an unlawful pre-condition to coverage or payment, and (iii) using its intervention in [Plaintiff's] tort action against the at-fault driver as justification for not investigating and evaluating the claim.

(Doc. # 51 at 2.) The proceedings are well beyond the pleading stage, and are past discovery. Therefore, Plaintiff's ambiguous and amorphous claims will not suffice to call into question this Court's decision.

Looking back to the amended complaint, the only allegations that Plaintiff makes regarding 2010 conduct is that,

> On Oct. 14, 2010, Gargano provided Owners with an explanation of the facts of the crash and her damages including provisions of medical records, medical bills and a description of her non-economic damages.
>
> In violation of insurance industry standards, instead of providing the insured with an explanation for why Owners would not pay the claim,

---

[7] Plaintiff relies on "shotgun pleading," by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors. *Jacobs v. Credit Suisse First Boston,* No. 11–cv–00042, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011) (unpublished) (finding "shotgun pleading" to be a "defect" contributing to an award of sanctions). This Court has previously criticized the practice, noting "the shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader." *Id.* Courts roundly decry shotgun pleading as a subject of "great dismay," "intolerable," and "in a very real sense ... [an] obstruction of justice." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295–96 n. 9, 10 (11th Cir. 2002).

9

> Owners decided instead to needless [sic] increase the cost and scope of the claim as if the insurer owed no duty of good faith to its injured insured.

(Doc. # 5 at 4.) This Court has previously determined that evidence of Defendant's litigation conduct was inadmissible because it complied with the state court's orders and the procedures in *State Farm Mut. Auto. Ins. Co. v. Brekke*, 105 P.3d 177 (Colo. 2004), and its progeny. (Doc. # 91 at 10:10-11:1.) Thus, Plaintiff's only remaining allegation not explicitly barred by the statute of limitations or this Court's orders on Defendant's motions *in limine* relates to the letter sent by Plaintiff on October 14, 2010.

Plaintiff has not alleged a separate and distinct injury based upon that correspondence. Plaintiff's letter did not trigger a separate duty for Defendant to act under common law or statute, and thus, does not support separate claims for relief.[8]

Under common law, although a completely independent violation will carry a separate accrual date, "it is the affirmative act of the insurer in unreasonably refusing to pay a claim and failing to act in good faith, and not the condition of nonpayment, that forms the basis for liability in tort." *Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984). "[B]ecause bad faith breach of insurance contract encompasses an entire course of conduct, an insurer's ongoing bad faith conduct . . . does not result in any additional bad faith claims." *Kisselman*, 292 P.3d at 975 (internal quotation marks and citations omitted). Thus, Plaintiff's claims accrued at the point when she demanded benefits in 2009 and Defendant did not investigate or pay.

---

[8] Further, the content of Plaintiff's letter demonstrates that Plaintiff did not make a demand for payment. (Doc. # 19-1 at 29-30.) Instead, Plaintiff simply placed Defendant on notice of her state court claims against the at-fault driver.

Citing to *Kisselman*, Plaintiff argues that even if the 2010 conduct does not constitute a separate common law claim, it does constitute a separate statutory violation. *Kisselman*, however, concerned not a statute of limitations issue, but whether sections 1115 and 1116 applied prospectively.[9] Nonethless, the Court need not determine whether to extend this reasoning to the statute of limitations context. In *Kisselman*, the court explicitly states that the plaintiff specifically "pointed to four specific instances of [the defendant's] alleged unreasonable delay occurring after [the statutes' effective date] . . . ." *Id.* at 968. Conversely, here, Plaintiff points to no specific 2010 conduct which would constitute a standalone claim. Therefore, because Plaintiff has failed to allege conduct that would give rise to a timely statutory claim, the Colorado Appeals Court's analysis in *Kisselman* is inapplicable.

### III.    PLAINTIFF'S ALTERNATIVE MOTION

In the final pages of her Motion for Reconsideration, Plaintiff tacks on an additional motion asking this Court to: (1) reconsider its October 2013 evidentiary order,

---

[9] This Court questions whether *Kisselman* would be applicable in light of the policy regarding statutes of limitation. Unlike a statutory effective date, statutes of limitations "are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence" over time. *United States. v. Kubrick*, 444 U.S. 111, 117 (1979). The Court is not convinced that the purpose of statute of limitations is served by allowing independent claims arise and accrue with each new letter when the injury underlying the claim falls outside the limitations periods. *C.f. Fogle v. Slack*, 419 F. App'x 860, 865-66 (10th Cir. 2011) ("[T]here comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred") (citation omitted). Arguably, the dissimilarity between the purpose of a statutory effective date and that of the statute of limitations might lead the Colorado Supreme Court to reject *Kisselman*'s reasoning in the statute of limitations context. However, the Court need not address that question, as Plaintiff has failed to identify a separate tortious act.

and in the alternative, (2) certify questions of law to the Colorado Supreme Court. (Doc. # 111 at 12-13.)

Plaintiff's second motion is separate from her motion to reconsider the statute of limitations issue, and should have been submitted to the Court independently. *See* D.C.COLO.LCivR 7.1(d). This alone would be reason to reject Plaintiff's motion. Moreover, Plaintiff's second motion also fails to articulate a permissible basis for relief. Plaintiff merely restates her previous arguments that were considered and rejected by this Court. *See Servants of Paraclete*, 204 F.3d at 1012.

In the alternative, Plaintiff requests that the Court certify questions of law to the Colorado Supreme Court in order to "reconcile" the "essential holdings of *Parsons*, *Bucholtz*, *Savio*, and *Brekke*." (Doc. # 111 at 13.) Given that the Court has already resolved the statute of limitations issue, the certification issue is arguably moot. *See Woods v. Nationbuilders Ins. Servs., Inc.*, No. 11-cv-02151, 2012 WL 4478948, at *9 (D. Colo. Sept. 27, 2012) (rejecting plaintiff's request to certify a question when the Court had already resolved motions for summary judgment on the issue). Regardless, certification of Plaintiff's proposed questions would not be appropriate.

"[U]nder the diversity statutes the federal courts have the duty to decide questions of state law even if difficult or uncertain." *Soc'y of Lloyd's v. Reinhart,* 402 F.3d 982, 1001 (10th Cir. 2005). Federal courts may choose to certify a question "where the legal question at issue is novel and the applicable state law is unsettled." *Allstate Ins. Co. v. Brown,* 920 F.2d 664, 667 (10th Cir. 1990). Pursuant to Colo. R. App. P. 21.1, the Colorado Supreme Court may answer a question certified to it by a

12

federal court when the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court." Colo. App. R. 21.1(a). The decision by this Court to certify questions is discretionary. *See Massengale v. Okla. Bd. of Exam'rs in Optometry,* 30 F.3d 1325, 1331 (10th Cir.1994).

The legal questions at issue in the instant case are not novel and do not stem from unsettled state law.[10] For the reasons addressed above, the underlying Colorado law is sufficiently settled to enable the Court's determinations. Thus, certification is unnecessary. *See Woods*, 2012 WL 4478948, at *9 (refusing to certify a question to the Colorado Supreme Court when the question would not be "determinative" of the claims).

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

DATED: August 5, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[10] Plaintiff seeks reconciliation of *Parsons v. Allstate Ins. Co.*, 165 P.3d 809 (Colo. App. 2006), *Bucholtz v. Safeco Ins. Co.*, 773 P.2d 590 (Colo. App. 1988), *Travelers Ins. Co. v. Savio*, 706 P.2d 1258 (Colo. 1985), and *State Farm Mut. Auto. Ins. Co. v. Brekke*, 105 P.3d 177 (Colo. 2004). After examining these decisions, the Court does not see unsettled law, but only the elucidation of standards for insurer conduct with respect to litigation and the duty to negotiate.